IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TY A. HANSON,

                Plaintiff,

  v.

KEVIN OTROWSKI, JOHN DOE MARATHON
COUNTY JAIL STAFF, JOHN DOE LINCOLN
COUNTY JAIL STAFF, JOHN DOE ROTHSCHILD
POLICE DEPARTMENT OFFICERS,

                Defendants.

ORDER

17-cv-756-jdp

---

In an order entered on May 1, 2018, I allowed pro se plaintiff Ty A. Hanson to proceed on excessive force, medical care, and negligence claims against defendant Kevin Otrowski and "John Doe" defendants from the Rothschild Police Department, Marathon County Jail, and Lincoln County Jail. I added Marathon County Sheriff Scott Parks and Lincoln County Sheriff Jeff Jaeger as nominal defendants for the purpose of identifying the Doe defendants. In the same order, I directed the United States Marshals Service to serve the complaint on defendant Otrowski and Sheriffs Parks and Jaeger. Dkt. 15. Sheriffs Parks and Jaeger have filed answers on behalf of Lincoln County and Marathon County, respectively.

As to defendant Otrowski, the Marshals Service returned the service form showing that an individual named "Michele Dehnel, Clerical Assistant" was served, presumably at the Rothschild Police Department, where defendant Otrowski is employed. However, to date, defendant Otrowski has not answered or otherwise responded to the complaint.

Hanson has now filed a motion for entry of default. Dkt. 24. But the Court of Appeals for the Seventh Circuit favors disposing of cases on their merits as opposed to terminating them by default judgment. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

And "[b]efore a default can be entered, the . . . party must have been effectively served with process." 10A Wright & Miller, Federal Practice and Procedure § 2682 (4th ed.). As I discuss below, it seems likely that defendant Otrowski has not been properly served. I will withhold a ruling on Hanson's motion and give the Marshals Service a chance to either re-serve defendant Otrowski under Federal Rule of Civil Procedure 4 or Wisconsin law, or supplement the service returns with an explanation of how service was in fact properly accomplished.

Rule 4 provides an exclusive list of the methods by which an individual may be properly served with a summons and complaint. They are: (1) personal delivery to the individual; (2) leaving copies at the individual's "dwelling or usual place of abode" with a person of suitable age and discretion who resides there; (3) delivery to an authorized agent of the individual; or (4) service effected pursuant to the law of the state where the district court sits. Fed. R. Civ. P. 4(e). The delivery of the summons and amended complaint in this case was not achieved by any of these four methods.

Dehnel is not a defendant in this case, so personal delivery was not made. The delivery presumably occurred at defendant Otrowski's workplace, not at his dwelling or usual place of abode. Nor is there any evidence that Dehnel is an agent authorized to accept service on any individual's behalf. I am not aware of any law that suggests a clerical assistant is an agent authorized to accept service on an individual's behalf, absent an explicit agreement.

Finally, Wisconsin law authorizes service of a summons to a "natural person" only by one of the following methods: (1) personal delivery; (2) leaving a copy at a place of abode; (3) delivery to an authorized agent; or (4) publication. *See* Wis. Stat. § 801.11(1). The first three criteria were not met for the same reasons set forth above and no publication attempt was made, so neither was the fourth criterion met. In particular, I note that the Wisconsin Supreme

Court has found service to an individual ineffective when a copy of a summons and complaint was left at a workplace. *See Mared Indus., Inc. v. Mansfield*, 2005 WI 5, ¶ 7, 277 Wis. 2d 350, 690 N.W.2d 835. Further, the Seventh Circuit has commented that Illinois's service statute, 735 Ill. Comp. Stat. 5/2–203, which is substantially similar to Wis. Stat. § 801.11, is not satisfied by service to an individual's employer. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

This leads me to believe that defendant Otrowski has not been properly served. It remains possible that defendant Otrowski has an explicit agreement allowing Dehnel to act as his agent for purposes of service, but the service return does not show that there is such an agreement, and the Wisconsin Supreme Court has explicitly disfavored this approach to service. *Mared Indus.*, 2005 WI 5, ¶ 38 ("We pause to recognize and emphasize that this case illustrates how risky it is to attempt to serve a defendant's agent. Because an agent must have actual express authority to accept service of summons . . . plaintiffs who choose to effectuate service under this provision had best proceed with extreme care, while being mindful that even the utmost care may not reveal the true scope of an agent's authority."). Accordingly, I will give the Marshals service a chance to either re-serve defendant Otrowski under Rule 4 or Wisconsin law, or supplement the service returns with an explanation of how service was in fact properly accomplished.

ORDER

IT IS ORDERED that the United States Marshals Service may have until September 11, 2018, to inform the court whether it has made another attempt at serving defendant Otrowski, or supplement its previous service return forms with an explanation of how service was in fact properly accomplished.

Entered August 21, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge