IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TY A. HANSON,

                Plaintiff,

  v.

KEVIN OTROWSKI, JOHN DOE MARATHON
COUNTY JAIL STAFF, JOHN DOE LINCOLN
COUNTY JAIL STAFF, JOHN DOE ROTHSCHILD
POLICE DEPARTMENT OFFICERS, SCOTT PARKS,
and JEFF JAEGER,

                Defendants.

ORDER

17-cv-756-jdp

---

      Plaintiff Ty A. Hanson, appearing pro se, is an inmate at Stanley Correctional Institution. He brings constitutional excessive-force and medical care claims, as well as state-law negligence claims against defendant Kevin Ostrowski and "John Doe" defendants from the Rothschild Police Department, Marathon County Jail, and Lincoln County Jail, for failing to properly treat his injuries when he was taken into custody following a car accident.

      Hanson filed a motion for entry of default against Otrowski and the Doe Rothschild police officers. Dkt. 24. Because it seemed likely that Otrowski had not been properly served, I withheld ruling on Hanson's motion and gave the United States Marshals Service a chance to either re-serve Otrowski under Federal Rule of Civil Procedure 4 or Wisconsin law, or supplement the service returns with an explanation of how service was in fact properly accomplished. Dkt. 26.

      The Marshals Service submitted a second executed return, Dkt. 27, that appears to suffer from the same defect as the first one: an individual named "Michele Dehnel, Clerical Assistant" was served, presumably at the Rothschild Police Department, where defendant

Otrowski is employed. Dkt. 27. But this time around, the marshal noted, "Talked with the Rothschild chief of police. Advised them to have their city attorney contact immediately reference this case." *Id.* Shortly thereafter, counsel appeared on behalf of Otrowski and the Rothschild Doe defendants and filed an answer.

However, the answer includes an affirmative defense that Hanson failed to properly serve Otrowski and the Does. Dkt. 29, at 3. Just as I previously told Hanson that the court disfavors default judgment, it also disfavors dismissal based on an error by the Marshals in accomplishing service. I will deny Hanson's motion for entry of default. If Otrowski actually intends to contest service, he should immediately file a motion with supporting evidence asserting this defense, or I will consider the issue waived.

Hanson has also filed a motion for appointment of counsel. Dkt. 8; Dkt. 23. But litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).

To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Hanson has met this requirement.

But the court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Hanson says that he has very limited legal knowledge, but that is a very common impediment for pro se filers in this court that in itself is not a reason to recruit counsel. After he filed his motion, the court held a preliminary pretrial conference and issued an order detailing many of the procedures he will be expected to follow in litigating the case, Dkt. 31. He should refer to that order as the case progresses.

So I will deny Hanson's motion. As the lawsuit moves forward, if he continues to believe that he is unable to litigate the lawsuit himself, then he may renew his motion, but he will have to explain what specific litigation tasks he cannot perform himself.

ORDER

IT IS ORDERED that:

1. Plaintiff Ty A. Hanson's motion for entry of default, Dkt. 24, is DENIED.

2. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 8; Dkt. 23, is DENIED without prejudice.

Entered November 16, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge