IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TY A. HANSON,

                Plaintiff,

  v.

KEVIN OTROWSKI, JOHN DOE MARATHON
COUNTY JAIL STAFF, JOHN DOE LINCOLN
COUNTY JAIL STAFF, JOHN DOE ROTHSCHILD
POLICE DEPARTMENT OFFICERS, SCOTT PARKS,
and JEFF JAEGER,

                Defendants.

ORDER

17-cv-756-jdp

---

      Plaintiff Ty A. Hanson, appearing pro se, is an inmate at Chippewa Valley Correctional Treatment Facility. He alleges that defendant Kevin Ostrowski and "John Doe" defendants from the Rothschild Police Department, Marathon County Jail, and Lincoln County Jail failed to properly treat his injuries when he was taken into custody following a car accident. In a November 18, 2018 order, I denied Hanson's motion for the court's assistance in recruiting him counsel. Dkt. 32.  Hanson has filed a motion for reconsideration of that decision, stating that he needs counsel's help to identify the Doe defendants, respond to defendants' discovery requests, recruit a medical expert to testify about his back injury, and prepare court documents. Dkt. 34.

      Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of

lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

I will deny Hanson's motion for reconsideration because it is still too early to tell whether this case will be too complex for him to handle. In particular, it is not yet clear whether the case will truly boil down to complex medical issues. Also, the case has not even passed the relatively early stage in which defendants often file a motion for summary judgment based on exhaustion of administrative remedies, which can end up in dismissal of cases like this one before they advance deep into the discovery stage of the litigation. Hanson should not need help to respond to defendants' discovery requests; he should answer their interrogatories and requests for admission truthfully and as best he can. Defendants are also entitled to know what documents Hanson plans to use to prove his claims, so he should gather the documents that defendants seek copies of and make them available for copying. If he believes that there is a reason that defendants should not be able to copy certain documents, he should explain that in his discovery responses. The court has also granted him an extension of time to amend his complaint to name the Doe defendants, because he has not yet received all of the information he seeks from defendants.

ORDER

IT IS ORDERED that plaintiff Ty A. Hanson's motion for reconsideration of the court's November 16, 2018 order, Dkt. 34, is DENIED.

Entered December 20, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge