IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TY A. HANSON, | Case No. 17-cv-756 |
| Plaintiff, | **THE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY** |
| v. | |
| KEVIN OTROWSKI, SCOTT PARKS, JEFF JAEGER, JEFF ZWICKY, JAMES TOTH, MATTHEW SCHEFFLER, TOM R. POSPYHALLA, MATTHEW MIELKE, DAVE MANNINAN, MARLA REIMANN, TINA HOSE, and PAM STEPHANGHEN, | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES BY DAVE MANNINEN, MARLA REIMANN, TINA HOSE, AND PAM STEFFENHAGEN**

Defendants Dave Manninen (improperly named "Manninan," Marla Reimann, Tina Hose, and Pam Steffenhagen (improperly named "Stephanhgen,") by their attorneys, Crivello Carlson, S.C., submit the following Answer to Plaintiff's Complaint, Docket 1, and Plaintiff's Amended Allegations in Dockets 4, 38, and 45:

**ANSWER TO PLAINTIFF'S COMPLAINT DOCUMENT #1 FILED 10/2/17**

**I.   PLACE OF PRESENT CONFINEMENT**

Answering paragraph I and its subparts of the plaintiff's complaint, lack knowledge and information sufficient to form a belief, therefore deny and put plaintiff to his proof.

**II.   PARTIES**

Answering paragraph II and its subparts of the plaintiff's complaint, lack knowledge and information sufficient to form a belief, therefore deny and put plaintiff to his proof.

### III.    PREVIOUS LAWSUITS

Answering paragraph III and its subparts of the plaintiff's complaint, lack knowledge and information sufficient to form a belief, therefore deny and put plaintiff to his proof.

### IV.    STATEMENT OF CLAIM

Answering paragraph IV and its subparts of the plaintiff's complaint, deny any liability on behalf of these answering defendants; as further answer to the remaining allegations, lack knowledge and information sufficient to form a belief, therefore deny and put plaintiff to his proof.

### V.    RELIEF YOU REQUEST

Answering paragraph V and its subparts of the plaintiff's complaint, deny.

### ANSWER TO PLAINTIFF'S AMENDED TO REFILE STATEMENT DOCUMENT #4 FILED 10/24/17

Answering page 1 of the plaintiff's amended to refile statement, deny any liability on behalf of these answering defendants; as further answer to the remaining allegations, lack knowledge and information sufficient to form a belief, therefore deny and put plaintiff to his proof.

Answering page 2 of the plaintiff's amended to refile statement, deny any liability on behalf of these answering defendants; as further answer to the remaining allegations, lack knowledge and information sufficient to form a belief, therefore deny and put plaintiff to his proof.

Answering page 3 of the plaintiff's amended to refile statement, deny any liability on behalf of these answering defendants; as further answer to the remaining allegations, lack knowledge and information sufficient to form a belief, therefore deny and put plaintiff to his proof.

Answering page 4 of the plaintiff's amended to refile statement, deny any liability on behalf of these answering defendants; as further answer to the remaining allegations, lack knowledge and information sufficient to form a belief, therefore deny and put plaintiff to his proof.

Answering page 5 of the plaintiff's amended to refile statement, deny any liability on behalf of these answering defendants; as further answer to the remaining allegations, lack knowledge and information sufficient to form a belief, therefore deny and put plaintiff to his proof.

### ANSWER TO PLAINTIFF'S REQUEST FOR LEAVE TO AMEND MY CASE AND ALSO NAME SOME OF THE JOHN DOES DEFENDANTS IN THIS CASE DOCUMENT #38 FILED 1/2/2019 (AND AS DISCUSSED IN THE COURT'S SCREENING ORDER IN DOCUMENT #45 FILED 1/18/2019)

Answering page 1 of this document, deny any liability on behalf of these answering defendants; as further answer to the remaining allegations, lack knowledge and information sufficient to form a belief, therefore deny and put plaintiff to his proof.

Answering page 2 of this document, deny any liability on behalf of these answering defendants; as further answer to the remaining allegations, lack knowledge and information sufficient to form a belief, therefore deny and put plaintiff to his proof.

### AFFIRMATIVE DEFENSES

These answering Defendants, by their attorneys, Crivello Carlson, S.C., submit the following Affirmative Defenses to Plaintiff's Complaint:

a. the Court may lack jurisdiction over these answering defendants because the Plaintiff failed to properly serve these answering defendants with a summons and complaint;

b. the injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of Plaintiff and the failure to mitigate;

c. the injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than these answering Defendants;

d. these answering Defendants are immune from suit under common law and statutory immunities and privileges, including qualified immunity and discretionary immunity;

  e. Plaintiff's claims are subject to the prerequisites, limitations and immunities contained in Wis. Stat. § 893.80 and 893.82;

  f. any and all injuries or damages sustained by Plaintiff are the result of an intervening and/or superseding cause preventing Plaintiff a right of recovery against these answering Defendants;

  g. the acts of these answering Defendants were not in breach of any duty to the plaintiff, were in good faith, and not motivated by malice or intent to harm;

  h. the conduct of these answering defendants at all times material was not done with deliberate indifference;

  i. Plaintiff failed to exhaust his administrative remedies, including under the PLRA;

  j. there is no *Monell* liability of the defendants since there is no underlying constitutional violation or no constitutional deprivation occurring pursuant to any policy, custom, training, or practice;

  k. Plaintiff's Complaint fails to state claims upon which relief may be granted;

  l. Plaintiff may have failed to join all necessary parties;

  m. Any claim for punitive damages is contrary to Wisconsin law, the Wisconsin Constitution, and the United States Constitution; and

  n. these answering Defendants reserve the right to amend this Answer to assert additional defenses as discovery proceeds.

WHEREFORE, Defendants respectfully demand judgment as follows:

1. For dismissal of Plaintiff's Complaint, on the merits and with prejudice;

2. For costs and disbursements of this action;

3. For reasonable actual attorney fees as allowed under law; and

4. For such other and further relief as this court may deem just and equitable.

Dated this 1st day of February, 2018.

By: s/ Timothy M. Johnson
SAMUEL C. HALL, JR.
State Bar No. 1045476
TIMOTHY M. JOHNSON
State Bar No. 1052888
Attorneys for Defendants Dave Manninen, Marla Reimann, Tina Hose, and Pam Steffenhagen
CRIVELLO CARLSON, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: (414) 271-7722
Fax: (414) 271-4438
E-mail: shall@crivellocarlson.com
tjohnson@crivellocarlson.com

5